**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION**

**JANET HARTKE,**

    **Plaintiff;**

vs.

Case No.: _____

**LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON,**

    **Defendant.**

## COMPLAINT

COMES NOW Plaintiff, by and through her attorneys, and for her Complaint against the Defendant, Liberty Life Assurance Company of Boston (*a/k/a* Liberty Mutual Insurance) [hereinafter "**Liberty Mutual**"], states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Zwicker & Associates, P.C.'s LTD (long-term disability) Plan and corresponding insurance policy (**Policy No.: GF3-810-259809-01**) [hereinafter the "**Plan**" and the "**Policy,**" respectively]; which was (and is) underwritten, administered and/or managed by Liberty Mutual for the benefit of certain employees of Zwicker & Associates, P.C. [hereinafter "**Zwicker**"]. In addition, this action may be brought in this Court pursuant to 28 U.S.C. §1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States

("federal question jurisdiction").

2.  The ERISA statute provides, at 29 U.S.C. §1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Liberty Mutual Claim No.: 3688958**.

3.  Venue is proper in the Eastern District of Kentucky, pursuant to 29 U.S.C. §1132(e)(2) and/or 28 U.S.C. §1391.

## RELEVANT PARTIES

4.  Plaintiff, Janet Hartke [hereinafter **"Plaintiff"** or **"Ms. Hartke"**], resides in Covington, Kentucky, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Eastern District of Kentucky.

5.  At all times relevant hereto, Ms. Hartke was an "employee" of Zwicker, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). Plaintiff worked as an administrative assistant ("Collection/Support"); however, due to her established disability, she last worked there on or about April 22, 2016.

6.  At all times relevant hereto, Zwicker was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21).

7.  At all times relevant hereto, Defendant Liberty Mutual was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan and under the Policy; alternatively, or in addition, Liberty Mutual was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§1002(16) and (21). Here, it is apparent on the face of the record and therefore alleged that Liberty Mutual has a financial conflict of interest/bias, since it is the ultimate decision-maker (claims

administrator, claims-review fiduciary, and/or claims fiduciary) and the payer/funding source for any benefits. Liberty Mutual may be served with process through its agent registered with the Kentucky Department of Insurance: Corporation Service Company, 421 West Main Street, Frankfort, KY 40601.

8. At the times relevant hereto, Defendant Liberty Mutual acted as agent for the Plan and for Plan Sponsor/Plan Administrator Zwicker.

9. Under the Plan and/or Policy, Zwicker delegated or assigned to Defendant Liberty Mutual the claims–fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. §1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. §1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. According to Liberty Mutual, the Plan/Policy provided that, for the first 24 months of LTD benefits being paid, the analysis of the term "Disability" turns on whether Plaintiff's medical problems are such that, "as a result of Injury or Sickness, [she] is unable to perform the Material and Substantial Duties of [her] Own Occupation . . . ."

## STATEMENT OF FACTS

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Plaintiff is 58 years old, and her date of birth is in June, 1959.

15. Plaintiff was employed by Zwicker for approximately five years; she was employed as an administrative assistant ("Collection/Support"). This job included, among other things, significant keyboarding functions (typing legal documents).

16. Owing to her established medical disability, Ms. Hartke's last day of work was on or about April 22, 2016.

17. The medical conditions that form the basis for Plaintiff's disability are multi-faceted and include the following: radiculopathy of the cervical (neck) region, cervical disc degeneration, post-surgical pain stemming from cervical-discectomy surgery with fusion, pain and numbness in hands and fingers, and chronic pain syndrome.

18. Since she could no longer perform her work at Zwicker, and based on her employment there, Ms. Hartke was eligible and applied for LTD benefits, this insured through Liberty Mutual. LTD benefits were paid from approximately July 22, 2016 through June 8, 2017 (less than one year).

19. At that time, however, Liberty Mutual reversed course and terminated further benefits, this under the pertinent definition of disability, *i.e.*, the own/regular occupation ("Own Occupation") definition. The initial denial letter was dated June 8, 2017.

20. Despite due appeal(s) by Plaintiff, Defendant Liberty Mutual has continued to deny LTD benefits. The final denial letter was dated December 7, 2017.

21. Any and all applicable insurance–policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

22. Plaintiff has filed or caused to be filed notice(s) or proof(s) of claim or loss, and performed any and all other conditions precedent to recovering benefits, under the Plan/Policy for the losses claimed herein.

23. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical provider(s), who have confirmed her continuing inability to work.

24. Under any ERISA standard of review that may apply[1], the position taken by Liberty Mutual in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The "Own Occupation" review, analysis and decision by Liberty Mutual were wrong, as well as arbitrary and capricious, under the circumstances presented.

25. Further, Liberty Mutual's denial of benefits must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. See, 29 U.S.C. §1133(2); 29 C.F.R. §2560.503-1.

26. Plaintiff is entitled to past due LTD benefits covering the period of approximately June 9, 2017 to present; as well as any other companion benefits that were provided under the Plan/Policy or related Plan document(s) during that time frame. She is also entitled to all future LTD benefits and companion benefits as provided by the Plan/Policy or related Plan document(s), provided that she otherwise continues to meet all applicable terms and conditions of same; this includes without limitation disability benefits if/when an "Any Occupation" definition or the like

---

[1] Plaintiff respectfully reserves all points and arguments regarding what will be the proper standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

is applicable under the LTD Plan/Policy.

27.     Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### COUNT I – ERISA/Statutory Claims

28.     Plaintiff realleges and reavers paragraphs 1 through 27 of the Complaint, incorporating them by reference herein as if specifically restated.

29.     Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§1001, *et seq*., as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA. This count covers, without limitation, all causes of action that are available under 29 U.S.C. §1132(a); this to include — provided applicable and necessary to afford complete relief – – a cause of action for breach of fiduciary duty.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A.     That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she

was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[2] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

      B.    That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this includes, without limitation, disability benefits if/when an "Any Occupation" definition or the like is applicable under the LTD Plan/Policy;

      C.    That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. §1132(g);

      D.    That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLA's"); any separate provision for waiver, payment or reimbursement of premiums on health

---

[2] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 444-445 (2011).

and dental insurance; any separate provision for waiver of premiums on life insurance (life waiver of premium); and any separate provision for continued payments/contributions to employer–sponsored retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy or companion contractual documents (Plan documents) in force); plus pre-judgment interest[3] and post-judgment interest[4] on all amounts awarded or to be awarded; and

   E. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise, to amend or supplement this lawsuit based on additional facts or circumstances not now reasonably apparent, or to be revealed by any discovery to be conducted herein; and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

   Dated this 7th day of June 2018.

---

[3] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[4] *See*, 28 U.S.C. § 1961.

Respectfully submitted,

*/s/ Philip G. Fairbanks*
Philip G. Fairbanks
**Mehr Fairbanks & Peterson**
 **Trial Lawyers, PLLC**
201 West Short Street, Suite 800
Lexington, Kentucky 40507
1-859-225-3731 (phone)
1-859-225-3830 (facsimile)
pgf@austinmehr.com

And

K. Cody Allison, TN BPR No. 20623**
CODY ALLISON & ASSOCIATES, PLLC
Parkway Towers
404 James Robertson Pkwy, Ste. #1623
Nashville, Tennessee 37219
Phone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com

***(To Be) Admitted Pro Hac Vice*

9